IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

PHILLIPPI S. LOWE
 Plaintiff,

vs.              Case No. 2:07-CV-00029-WKW

MONTGOMERY CITY, et al.
 Defendants.

### MOTIONS TO TRANSFER FOR CLEAR VIEW OF STUPID MALICE AFORETHOUGHT PUBLICATION, BREACH OF A LEGAL DUTY BY U.S. MIDDLE DISTRICT COURT FOR ALABAMA ITS EMPLOYEES FAILURE TO DISCHARGE THEIR REQUIRED LEGAL DUTY.

Come now Plaintiff Phillippi S. Lowe in the above caption action and motion this bias U.S. District Court for the Middle District in Alabama, US law and Federal Rules of court procedure mandates a case must be transferred when it clearly shows that employees operating in the scope of their employment breached a legal duty resulting in USA being libel for their stupid malicious publication, and their actions gives rise to the tort of US Constitutional Federal Statutes violation, wanton negligence an intentional act of unreasonable character in disregard to a risk of injury or so obvious it must have been known that injury, damages, loss, and etc. would happen to Plaintiff public good and welfare. The actions of the US Federal Employees is a disregard for US Constitution of due process [Federal Statutes violation], Federal Rules of Court procedure, their job, the safety, and U.S.A. Constitutional Rights of Plaintiff a United States of America Senior Citizen, disable war Veteran. [see exhibit A]. The U.S. Middle District Court employees for Alabama believes the U.S.A. Constitution, Federal Rules of Court procedure do not apply to their illegal actions, and they are above the law and

indispensable. Plaintiff motion notifying this U.S. Middle District Court for Alabama, case no. 2:07cv29-WKW, and the U.S. Southern District Court for Alabama case no. 06-535-KD-M, that Federal legal action is being brought against them for Federal Statutes violations, obstruction of justice, discrimination, conspiracy, fraud, and etc. in the above cases. For good cause shown, U.S. Law, Federal Rules of court Procedure mandates this case and all material of fact be transferred to Georgia U.S. District Court.

With All Due Respect Submitted.

Phillippi S. Lowe
P.O. Box 368
Evergreen, AL. 36401
334-284-6888

TRANSFER THIS CASE TO ADDRESS AS FOLLOWS:

Clerk of the Court
United States District Court
For the Northern District of Georgia
Atlanta Division
1721 Richard B. Russell
Federal Building and United
States Courthouse
75 Spring Street, S.W.
Atlanta, GA. 30303-3309

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served by placing same in the U.S. Mail, postage prepaid and properly address as follows:

Kimberly O. Fehl
City of Montgomery
Legal Department
P.O. Box 1111
Montgomery, AL 36101

Senator Arlen Specter
711 Hart Senate Office building
Washington, D.C. 20510

Senator Edward M. Kennedy
317 Russell Senate Office building
Washington, D.C. 20510

Southern Poverty Law Center
P.O. Box 2087
Montgomery, AL. 36102

Attoreny General
Troy King
11 South Union Street
Third Floor
Montgomery, AL. 36130

Ethics Commission
100 N. Union Street
Montgomery, AL. 36130

U.S. Atorney General
Hon. Alberto Gonzales
950 Pennsylvania Ave.
North West
Washington, D.C. 20530

PHILLIPPI S. LOWE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

*Exhibit A*

PHILLIPPI S. LOWE, )
 )
   Plaintiff, )
 )
v. ) 2:07-CV-00029-WKW
 )
MONTGOMERY CITY OF ALABAMA, )
 )
   Defendant. )

## ORDER

Upon of review of *Defendant's Motion to Dismiss*, filed by Defendant Woodley Manor Nursing Home (Doc. 7, filed February 8, 2007), it is

**ORDERED** that Plaintiff show cause why this motion should not be granted on or before **March 2, 2007**.

**IN DEFERENCE TO THE PLAINTIFF'S STATUS AS A NON-LAWYER, PRO-SE LITIGANT, THE COURT ADVISES:**

1. It is necessary to respond specifically to each ground asserted in the Motion to Dismiss.

2. Failure to file *any* response may be treated as an abandonment of the claims set forth in the complaint. If Plaintiff fails to respond with respect to *each* of the claims challenged in the motion for dismissal, the Court may treat this failure as an abandonment of each specific claim not addressed in Plaintiff's response. **The *pro se* Plaintiff is advised**

**that if she fails to file *any* response**, the court will proceed to decide the merits of Defendant's contention that "the complaint fails to state a claim upon which relief can be granted."

**3. Failure to follow the requirements of this Order in responding to the Defendant's motion may result in the entry of a final judgment in defendant's favor without any trial.**

DONE this 8th day of February, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE