IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHILLIPPI S. LOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    2:07-CV-00029-WKW |
| | )    [wo] |
| MONTGOMERY CITY OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed January 10, 2007). Pending is *Defendant's Motion to Dismiss* (Doc. 7, filed February 8, 2007). For good cause herein shown, it is the Recommendation of the Magistrate Judge to grant the motion and dismiss the action.

### I.    PARTIES

Plaintiff, Phillippi S. Lowe ("Lowe" or "Plaintiff"), is a resident of Evergreen in Conecuh County, Alabama.

Defendant Montgomery City of Alabama ("Defendant" or "the City") is located in Montgomery County, Alabama within the Middle District of Alabama.

### II.    NATURE OF CASE/BACKGROUND

Page 1 of  11

Plaintiff initiated this action *pro se* on January 9, 2007. *See* Doc. 1, Complaint. The complaint relates to an alleged conspiracy by "Members of the Fraternal Order of Police that extend across state lines." *Id*. Plaintiff alleges this began over eight (8) years ago when Plaintiff's ex-wife began dating and later married Police Captain James Cullen in Prince George County, Maryland. *Id*. Plaintiff further avers the police are part of a criminal conspiracy by premeditating his murder. *Id*. Plaintiff alleges a recent example of this conspiracy occurred on January 7, 2007 when for no reason a Montgomery police officer turned around, followed Plaintiff for several blocks and then attempted to pull over Plaintiff to commit murder. *Id.* However, Plaintiff drove until he arrived at a well-lit place of business. *Id*. Plaintiff demands a trial by jury and damages in the amount of thirteen million dollars.

Upon the District Judge's January 10, 2007 referral of this action for pretrial proceedings, the Magistrate Judge granted Plaintiff's Motion to Proceed *In Forma Pauperis*. *See* Doc. 4. Defendant filed a Motion to Dismiss on February 8, 2007. *See* Doc. 7. The Court issued a Show Cause Order instructing Plaintiff to show cause why the Defendant's Motion to Dismiss should not be granted on or before March 2, 2007. *See* Doc. 8. No official response was filed by the deadline, however, Plaintiff filed his "Motion to Transfer for Clear View of Stupid Malice Aforethought Publication, Breach of a Legal Duty By U.S. Middle District Court for Alabama Its Employees Failure to Discharge Their Required Legal Duty" (hereinafter "Motion to Transfer"). *See* Doc. 9, filed March 2, 2007. Plaintiff attached the Court's Show Cause Order as Exhibit A to his Motion to Transfer. *See also* Doc.

8. Due to an inadvertent typographical error, the wrong defendant was listed in the body of the order. *Id*. Thus the Court issued an Amended Show Cause Order on March 19, 2007 with a new response deadline of March 30, 2007. *Id*. Plaintiff did not file anything in response to the Amended Show Cause Order.

### III.   DEFENDANTS' MOTIONS TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant moves to dismiss for failure to state a claim for which a court may grant relief. Specifically, Defendant alleges Plaintiff has not pled any specific cause of action against Defendant. Further, Defendant asserts a municipality cannot be held liable under the theory of *respondeat superior* and the causes of action must be dismissed because the City cannot be liable for the alleged intentional torts of its employees and representatives. *See* Doc. 7.

### IV.   STANDARD OF REVIEW

A.    **Legal Sufficiency of Complaint**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 3 L.Ed.2d 80 (1957)); *see also Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (quoting *Hishon*). Further, in deciding a 12(b)(6) motion to dismiss, the court will

accept the petitioner's allegations as true.  *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2229; *Ellis*,

160 F.3d at 706; *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir.

1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir.

1997)).    However, "[c]onclusory allegations, unwarranted deductions of facts or legal

conclusions masquerading as facts will not prevent dismissal."  *Jackson v. BellSouth*

*Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt.,*

*Ltd. V. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v.*

*Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and

unwarranted deductions of fact are not admitted as true).[1]

    "[A] complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief."  *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102; *see also Gilmore*, 125 F.

Supp.2d at 471 (citing *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may

not...[dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of the claims in the complaint that would entitle him or her to relief.")).  In other

words, it is a low threshold on the non-moving party to survive a motion to dismiss for

failure to state a claim in order to reflect the liberal pleading requirements set forth in the

Federal Rules of Civil Procedure.  *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703

---

[1]      *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

(11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*).

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).  The court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)).  A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (citing *Neitzke*).

**B.     Liability of Governmental Entities under Section 1983**

Under § 1983, local governmental entities are "persons" within the meaning of the act and can be held liable for monetary, declaratory, or injunctive relief for constitutional violations and deprivations of federally protected rights.  *Martinez v. City of Opa-Locka,*

*Fla.*, 971 F.2d 708, 713 (11th Cir. 1992) (citing *Monell v. New York City Dept. Of Social Services*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985) (citing *Monell* for same).  A city cannot be held liable under § 1983 under a theory such as *respondeat superior*.  *Davis v. DeKalb County Sch. Dist.*, 233 F.3d 1367, 1375 (11th Cir. 2000).  That said, "[l]ocal governments are directly liable under § 1983 . . . for constitutional deprivations resulting from (1) an unconstitutional action taken pursuant to an officially promulgated policy statement, decision, regulation or ordinance; or (2) governmental custom, even though not authorized by written law."  *Martinez*, 971 F.2d at 713.  In other words, "only deprivations visited pursuant to municipal 'custom' or 'policy' could lead to municipal liability."  *Tuttle*, 471 U.S. at 818; 105 S.Ct. at 2433.  Thus, a policy cannot be inferred merely because harm resulted from some interaction with a governmental entity, but rather municipal policy must be a conscious and deliberate decision made by the City from among various alternatives. *Id*. at 823.  Further, a single incident of constitutional deprivation is not enough to constitute a policy or custom for purposes of § 1983 liability. *Id.* at 813.

In evaluating a governmental entity's liability, the courts must "identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue."  *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 784-85,

117 S.Ct. 1734, 1736, 138 L.Ed.2d 1 (1997) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491

U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)).  Courts are to look to state

law to determine who is a policymaker with respect to a particular action or decision.  *See*

*Jett*, 491 U.S. at 737, 109 S.Ct. at 2723 (superseded by statute on other grounds).  Vague and

conclusory allegations will not support a claim under § 1983.  *See Marsh v. Butler County,*

*Ala.*, 268 F.3d 1014, 1036 n. 16 (holding unsupported conclusions of law of mixed questions

of fact and law have long been recognized as not to prevent a Fed. R. Civ. P. 12(b)

dismissal).

## V.   DISCUSSION & ANALYSIS

In the Complaint, Plaintiff states his claim as follows:[2]

> Come now Plaintiff Phillippi S. Lowe and propounds to this U.S. Federal
> Court That the Fraternal Order of Police has premeditated my (Plaintiff
> Phillippi S. Lowe) murder **Under color of law, under color of suicide,under
> color of self defense,** or etc. by Members of the Fraternal Order of Police that
> extend across state lines.  That started over 8 years ago when Plaintiff x-wife
> started dating/married Prince George County Maryland Police Capt. James
> Cullen that induced terrorism across five (5) state line of Plaintiff, and Continue
> to this day in Montgomery Alabama through the U.S. Federal violation of
> across State lines terror by the criminal conspiracy of members of the
> Montgomery City Police Dept. operating in the scope of their employment
> representing the City of Montgomery, Who are members of the Fraternal Order
> of Police.  The most resent illegal set up of Plaintiff happen on January 7, 2007
> when for no legal reason a Montgomery Police Officer turn his patrol car
> around, follow Plaintiff several block before he cut his lights on to get Plaintiff
> to stop on a dark street with no witness, so the Police could (Plaintiff alleges)

---

[2]    Plaintiff's Statement of Facts is recited verbatim including typographical and
spelling errors.

commit his (P.S. Lowe) murder **under color of law, color of suicide, color of self defense**. Plaintiff (knowing there have been about 4-8 Police related deaths, murders, or etc. of black males in Montgomery City Alabama while in Police custody) cut his emergency lights on and continues driving at approximate 15-20 miles per hour until Plaintiff reached a well lighted place of business where there were people. Plaintiff knowing there is a conspiracy to commit his premeditated murder across state lines **under color of law, under color of suicide, under color of self-defense,** and etc. by the Fraternal Order of Police, Plaintiff would/will not stop for Police until he (Plaintiff) reach a well lighted public place with people Plaintiff further states he will never fight, kill himself, or Police, to resist arrest or etc.. Due to the immediate life threaten circumstance Plaintiff ned to have this legal action documented, will amend this complaint with complete detail, but need to notify the proper Federal authorizes, privates agency, friends, and etc. of this continue Police terror of Plaintiff. Plaintiff was never given a copy of the tickets and have know idea why. Other than to cause Plaintiff stress, having no idea of his trail date, so a warrant can be issue for his (Plaintiff) arrest, to get Plaintiff in Police custody to commit Plaintiff murder **under color of law, under color of suicide, color of self defense, color of natural causes, or etc.** Considering the foregoing in compliance with Federal Rules 8 of Civil Court procedure Plaintiff demand trail by jury, damage / loss and grievous terrorism in the amount of $13,000,000. (THIRTEEN MILLION DOLLARS.

*See* Doc. 1. Further, Plaintiff asserts these actions are brought pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. *Id*. Pursuant to § 1983, Plaintiff brings claims under the First, Fourth, Fifth, and Fourteenth Amendments of the Constitution. *Id*.

Even under the liberal pleading requirements set forth in the Federal Rules of Civil Procedure, Plaintiff has not articulated any cognizable claim for which he is entitled to relief. Plaintiff's claims against Defendant are based on what he characterizes as unconstitutional actions by an unknown Montgomery Police Officers. *See* Doc. 1 Complaint. However, as noted above, one individual's allegedly unconstitutional acts cannot establish the City's liability under § 1983. Furthermore, Lowe does not allege and cannot demonstrate that the

unidentified officer is a policymaker whose actions can subject the City to § 1983 liability.

Even if the officer has discretion in the exercise of particular functions, it does not give rise

to municipal liability based on the discretion unless the officer is also responsible for

establishing final governmental policy respecting such' activity. *See Houston by Houston*

*v. City of Athens, Ala.*, 652 F.Supp. 868, 875 (N.D. Ala. 1986) (citing general legal

proposition from *Monell*, 436 U.S. 65, 98 S.Ct. 2018). Plaintiff has neither alleged nor

demonstrated the unnamed officer was an official policymaker for the City of Montgomery.

Thus, even necessarily viewing Plaintiff's allegations as true, Plaintiff has not shown this

court he has brought a claim which entitles him to any relief. Rather, Plaintiff's conclusory

allegations and unsupported legal conclusions are insufficient to withstand dismissal.

Consequently, the action should be dismissed under 12(b)(6) of the Federal Rules of Civil

Procedure.

## VI.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)    *Defendant's Motion to Dismiss* (Doc. 7, filed February 8, 2007) be
       **GRANTED**;

(2)    This action be **DISMISSED;**

(3)    Plaintiff's *Motions to Transfer for Clear View of Stupid Malice Aforethought*
       *Publication, Breach of a Legal Duty by U.S. Middle District Court for*

*Alabama Its Employees Failure to Discharge Their Required Legal Duty* (Doc.

9, filed March 2, 2007) be **DENIED as moot.**

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the

said Recommendation not later than **April 18, 2007**.  Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous,

conclusive or general objections will not be considered by the District Court.  The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein

v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of

Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981).

DONE this 5th day of April, 2007.

/s/Terry F. Moorer
TERRY F. MOORER

UNITED STATES MAGISTRATE JUDGE